IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IMPACT FLUID SOLUTIONS, LP F/K/A IMPACT FLUID SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BARIVEN, S.A. AND PDVSA SERVICES, B.V.<br><br>Defendants. | CIVIL ACTION NO. 4:19-cv-00652 |

**RULE 72 OBJECTION TO MAGISTRATE JUDGE'S ORDER OF JUNE 11, 2019**

Defendants PDVSA Services B.V. ("PDVSA B.V.") and Bariven, S.A., by and through their undersigned counsel GST LLP, hereby object to the Magistrate Judge's Order on Substitution of Counsel dated June 11, 2019 [ECF No. 24] (the "Order"), which granted the Motion for Substitution of Counsel [ECF No. 21] (the "Motion") without providing Defendants a chance to respond.

By filing this Rule 72 Objection, Defendants do not waive any defenses that may be available to them, including their right to challenge service of process. Nor do they concede that the allegations in the Amended Petition state a valid claim under any applicable law.

## INTRODUCTION

When taken at face value, the Motion may have appeared straightforward, but it did not reveal troubling issues of jurisdiction and executive power that lurk beneath surface. In many ways, the Motion presents novel legal issues, ones that this Court should give the parties a chance to address. At a minimum, the Order cannot stand where it was opposed but granted without giving

Defendants' chosen counsel a chance to respond. More importantly, the Court needs to carefully review the many issues at stake, listed in Section II, before the Order can stand.

## BACKGROUND

This case was removed to this Court on February 25, 2019 [ECF No. 1] and counsel for Defendants, Rodney Quinn Smith and Katherine Sanoja of GST LLP, were admitted *pro hac vice* the next day [ECF Nos. 5-6]. On May 29, 2019, Mr. Smith and Ms. Sanoja conferred with counsel for Plaintiff regarding the Joint Discovery/Case Management Plan, which was filed with the Court on May 30, 2019 [ECF No. 15]. On May 31, 2019, additional counsel for Defendants, Gary Shaw and Bethel Kassa with GST LLP, filed two motions to appear *pro hac vic* before the Court, along with a Motion to Appear at the Pretrial Conference, currently set for June 17, 2019 [ECF Nos. 16-18]. Counsel for Plaintiffs did not oppose or otherwise object to any of those motions. These motions remain pending.

On June 6, 2019, Mr. Bruce Oakley with Hogan Lovells LLP filed an Opposed Motion to Substitute Counsel, purportedly on behalf of Defendants [ECF No. 21]. The Motion contained a Certificate of Conference on page 8, confirming that Defendants' current counsel with GST LLP opposed the Motion. The Motion was referred to the Magistrate Judge on June 7, 2019 [ECF No. 22], and the Motion was granted by the Magistrate Judge on June 11, 2019 [ECF No. 24]. Defendants, as represented by their current counsel GST LLP, never had an opportunity to respond to the Motion.

## MEMORANDUM OF LAW

Federal Rule 72(a) governs an appeal to a magistrate judge's order on non-dispositive matters. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A). A motion to substitute counsel qualifies as a non-dispositive motion. *See Broadcasting v. D.B. Zwirn Special Opportunities Fund L.P.*, 2009 WL 10670728, at 4 (M.D Fla.1999); *Abbott Laboratories v. Roxane Laboratories*, Inc, 2013

WL 2322770 (D. Del. 2013). Federal Rule 72(a) obliges the district judge to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Orthoflex, Inc. v. Thermo Tek, Inc.*, 990 F. Supp. 2d 675, 683 (N.D. Tex. 2013); *see also Arroyo v. Oprona, Inc.*, 2017 WL 1106318, *1 (S.D. Tex. 2017). The magistrate judge's conclusions of law are reviewed *de novo*, while conclusions of fact are reviewed under a clearly erroneous standard. *Treadway v. Otero*, 2019 WL 2161561, *1 (S.D. Tex. May 19, 2019). Objections must be made "within 14 days after being served with a copy" of the order. *See* Fed. R. Civ P. 72(a).

A magistrate judge's order is said to be "contrary to law" if "it fails to apply or misapplies relevant statutes, case laws or rules of procedure." *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 162 (E.D.N.Y. 2006); *see also Ambrose–Frazier v. Herzing Inc.*, 2016 WL 890406, *2 (E.D. La. March 9, 2016). The court is obliged to modify or set aside the magistrate judge's order when the district judge is "left with the definite and firm conviction that a mistake has been made." *Hathaway v. City of San Antonio*, 2006 WL 6372333, *3 (W.D. Tex. March 29, 2006); *see also Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 394 (E.D. La. 2008).

**A. By not waiting for briefing from Defendants' chosen counsel, the Order failed to grant Defendants the right to be heard**

"Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party." *See Shermoen v. U.S.,* 982 F.2d 1312, 1317 (9th Cir. 1992). When a motion is opposed, the party opposing the motion should get the opportunity to present its arguments. This fundamental right to be heard is reflected in the local rules. *See, e.g., Astra Oil Trading NV, Astra GP, Inc., and Astra Tradeco LP, LLC v. PetroBras America Inc., Pai PRSI Trading General, LLC and Pai PRSI Trading Limited, LLC,* Civil Case No. 09-cv-01274 (S.D. Texas, June 16, 2009) (Order granting an opposed motion was vacated by Magistrate Judge Stacy

based on the objection that the party was not afforded the time provided by under the Local Rules to respond to the other party's motion). Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, every party is given 21 days to file a response to an opposed motion. *See* LR 7.4; *see also* LR 7.1 (requiring opposed motions to include an averment that counsel could not agree on the disposition of the motion). District Judge and Magistrate Judges' Procedures also provide for 21 days. *See* Judge Andrew S. Hanen's Civil Procedures, Section 7(d); Procedures Manual United States Magistrate Judge Frances H. Stacy, Section 4(b). This rule applies to non-dispositive motions referred to a magistrate judge. *See* Fed. R. Civ. P. 72. Federal Rule 72(a) instructs a magistrate judge to "conduct the required proceedings," prior to rendering a decision. By ruling without the benefit of briefing by Defendants' chosen counsel, the Magistrate Judge was denied the opportunity to hear the parties' respective arguments and conduct the required proceedings.

In this case, the Magistrate Judge did not apply LR 7.3 and rendered a decision on an opposed motion before the 21 days had run and Defendants' preferred counsel had presented any argument. The Motion to Substitute was filed on June 6, 2019, and it included a LR 7.1 Certificate of Conference confirming Defendants' opposition to the Motion. The docket entry for the Motion also clearly stated that the Motion was "Opposed." Contrary to LR 7.3, the Magistrate Judge issued the Order on the opposed motion only 5 days after it was filed. [DE 24]. Defendants' had no opportunity to respond.

It may be the case that the Magistrate Judge simply overlooked the fact that the Motion was opposed. Indeed, the Order appears to be a filled-in version of the proposed order submitted by Mr. Oakley from Hogan Lovells LLP. In the signed Order, the Magistrate Judge noted that it had "considered the briefing and arguments of the parties." In fact, neither party (GST LLP on

behalf of Defendants nor Baker Botts LLP on behalf of Plaintiffs) had responded to the Motion. *Id*.

**B.     The Order does not apply relevant case law**

The current political situation in Venezuela has undoubtedly created numerous challenges for the Federal courts. For the first time in the history of the United States, the Executive Branch has recognized an interim government, one that does not have *de facto* control over the functions of government within Venezuela. This unique situation has presented difficult issues throughout the United States, but few requiring more study than the issue of authority. Indeed, no court has opined on the proper representative of the companies whose ultimate beneficial owner is the State, a fact not mentioned in the Motion. This is only one of the troubling issues left out of the Motion, which will require the Court consider other crucial issues such as the following:

- Can any attorney general of Venezuela appoint counsel for any of the companies owned by Petróleos de Venezuela, S.A.? For many years, long before the current political situation, this was the law. It does not appear that the appointment of Hogan Lovells LLP follows this law.

- Are foreign companies, who are subject to foreign law, bound by the Executive Branch's decision to recognize Mr. Guaidó as the Interim President? Both Defendants are domiciled in countries that have either not recognized Mr. Guaidó (in the case of Bariven) or whose courts do not have to give complete deference to the Executive Branch (in the case of PDVSA Services BV).

- Can courts in the United States pass judgment on the binding effect of corporate law in other jurisdictions? While the Executive Branch certainly has a strong voice in foreign affairs, it is not clear that it can undo corporate law in a foreign jurisdiction. The cited *Air Panama* case dealt with assets located in the United States, but they have nothing to say about assets located abroad, or claims such as this one.

- What is the overarching effect of the arguments made by Hogan Lovells LLP? Numerous courts in the United States have upheld contracts with non-recognized governments. If this Court is going to interpret the recognition of Mr. Guaidó as a license to undo contracts formed by non-recognized governments, such as in the case of bylaws and the authority granted under those bylaws, what other contracts are at stake?

- Does the Executive Branch even intend the recognition of Mr. Guaidó to extend to Petróleos de Venezuela, S.A. ("PDVSA")? Recently, the Office of Foreign Asset Control issued general licenses for companies based in the United States to do business with PDVSA in Venezuela. The Court needs to consider if this treatment of PDVSA shows a different approach in commercial matters, such as this case.

These are only some of the issues that this Court should consider, and Defendants were busy drafting these arguments, with citations to authority, when the Order was granted. At a minimum, the Court should vacate the Order so that the issue could be fully briefed, and Defendants are ready and willing to submit their opposition to the Motion by Friday, June 21, earlier than the 21 days normally granted for a response. Normally, this pleading would be lengthier, but due to the pending status conference and complexity of the underlying issues, counsel has opted for more abbreviated arguments, pending a fuller review.

## CONCLUSION

Defendants as represented by GST LLP oppose the Motion to Substitute and plan to file a response on or before June 21, 2019, before the 21-day response period ends. In the interim, and in light of the above, Defendants respectfully ask this court to (i) modify or set aside the Order on Substitution pursuant to Rule 72(a) and (ii) reschedule the initial pre-trial conference currently set for June 17, 2019 once the Motion to Substitute is finally resolved.

Respectfully submitted,

GST LLP
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131
Tel. (305) 856-7723

By: s/ *Quinn Smith*
Quinn Smith, Fla Bar 59523
*Admitted pro hac vice*
Katherine A. Sanoja, FL Bar 99137
*Admitted pro hac vice*

Gary J. Shaw, DC Bar 1018056
*Pro hac vice admission pending*
Bethel Kassa, NY Bar 5645650
*Pro hac vice admission pending*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 13, 2019, a copy of the foregoing document was filed electronically with the Clerk of the Court.

By: s/ *Katherine Sanoja*
Katherine A. Sanoja, FL Bar. 99137