# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IMPACT FLUID SOLUTIONS, LP F/K/A., | ) | |
| IMPACT FLUID SOLUTIONS, LLC, | ) | Civil Action Docket |
| | ) | No.  19-cv-00652 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BARIVEN S.A, a state-owned entity, and PDVSA | ) | |
| Services, B.V., a state-owned entity. | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

## UNOPPOSED MOTION FOR CORRECTION OF
## RULING DATED JUNE 19, 2019

Defendants, BARIVEN S.A. ("BARIVEN") and PDVSA Services B.V. ("PDVSA Services"), by and through their undersigned counsel and pursuant to Rule 60(a), hereby move this Court to correct its order of June 19, 2019, vacating the Motion for Substitution of Counsel, and in support state the following:

### PROCEDURAL BACKGROUND

On June 6, 2019, Hogan Lovells ("Hogan") filed a Motion for Substitution (the "Motion") purportedly on behalf of the Defendants and seeking to replace Defendants' counsel: GST LLP ("GST"). As noted in the Motion, GST opposed the Motion and Hogan proceeded to file the Motion as "Opposed." *See* ECF No. 23. The next day, Hogan also filed a Motion to Stay the proceedings ("Motion to Stay"). Shortly thereafter, while GST was preparing its response in opposition to Motion and before the deadline to respond had expired, the Magistrate Judge issued an order granting the Motion (the "First Order"). *See* ECF No. 24. Within days, GST on behalf of Defendants, filed its objections to the First Order, arguing that it was deprived of an opportunity to present its response and requesting the postponement of the initial pre-trial conference scheduled

1

for June 17, 2019. The initial pre-trial conference continued, with Hogan purportedly representing the Defendants. Based on an agreement reached between Hogan and Plaintiffs, the Court granted an Agreed Order on the Motion to Stay. *See* ECF No. 26. The next day, this Court vacated the First Order "because the motion was opposed and was granted prior to allowing <u>Defendants</u> the time provided for in the Local Rules for filing a response…" (the "Second Order"). *See* ECF No. 27 (emphasis added). In the Second Order, the Court only provided the <u>Plaintiff</u> and not GST on behalf of Defendants an opportunity to respond to the Motion. *See id.* (emphasis added).

**MEMORANDUM OF LAW**

Rules 59 and 60 of the Federal Rules of Civil Procedure generally govern requests for relief from a judgment or order, including corrections or amendments. *See* Fed. R. Civ. P. 59 and 60. Rule 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) has been specifically found to allow a district court "to correct a clerical error in judgment if the error causes the judgment to inaccurately reflect the results of the court's adjudication." *See Rivera v. PNS Stores, Inc.* 647 F.3d 188, 191 (5th Cir. 2011). In other words, a Rule 60(a) motion is appropriate where the correction or amendment reflects "the necessary implications of the court's decision…" *Id.* at 194.

While the Fifth Circuit has found that Rule 60(a) applies where the mistake is merely clerical, and not one "of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature…", it has also found that it applies "where the record makes apparent the court intended one thing but by merely [sic] clerical mistake or oversight did another." *Id.* at 196.

The type of error found in the Second Order falls squarely within the scope of Rule 60(a). In the Second Order, Court expressly stated that the reason it vacated the First Order was because the Defendants were not given an opportunity to respond within the time provided for under the Local Rules. *See* ECF No. 26. Despite this reasoning, the Court only provided Plaintiff, and not GST, an opportunity to respond to the Motion. GST therefore requests that the Court change the Second Order to permit them the opportunity to respond on behalf of Defendants to the Motion. This change is consistent with the intent expressed in the Second Order and within the scope of Rule 60(a).

## CONCLUSION

For the foregoing reasons, GST, on behalf of Defendants, requests that the Court correct the portion of the Second Order that grants Plaintiff rather than GST (on behalf of the Defendants) an opportunity to respond to the Motion, and for such further relief as this Court may deem just and proper.

Respectfully submitted,

**GST LLP**
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131
Tel. (305) 856-7723

By: s/ Quinn Smith
Quinn Smith, Fla Bar. 59523
*Admitted Pro Hac Vice*
Katherine A. Sanoja, Fla Bar. 99137
*Admitted Pro Hac Vice*
Gary J. Shaw, DC Bar 1018056
*Pro Hac Vice Admission Pending*
Bethel Kassa, NY Bar 5645650
*Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Katherine Sanoja

Katherine A. Sanoja, FL Bar. 99137
*Admitted Pro Hac Vice*

## SERVICE LIST

Russell Lewis
Myra Siddiqui
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.1767
Facsimile: 713.229.2867
russell.lewis@bakerbotts.com
myra.siddiqui@bakerbotts.com
*Attorneys for Plaintiff, Impact Fluid Solutions, LP*

5