IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMPACT FLUID SOLUTIONS, LP F/K/A IMPACT FLUID SOLUTIONS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § | C.A. No. 4:19-cv-00652 |
| BARIVEN, S.A. AND PDVSA SERVICES, B.V. | § § § § | |
| Defendants. | § § | |

**IMPACT FLUID SOLUTIONS' MOTION FOR SUMMARY JUDGMENT**

BAKER BOTTS L.L.P.

*Of Counsel:*
Nick Brown
State Bar No. 24092182
Laura Shoemaker
State Bar No. 24106431
910 Louisiana
Houston, Texas 77002
Telephone:  713.229.2015
Facsimile:   713.229.7932
nick.brown@bakerbotts.com
laura.shoemaker@bakerbotts.com

By:   /s/ *Russell C. Lewis*
Russell C. Lewis
Federal Bar No. 569523
State Bar No. 24036968
910 Louisiana
Houston, Texas 77002
Telephone:  713.229.1767
Facsimile:   713.229.2867
russell.lewis@bakerbotts.com

COUNSEL FOR IMPACT FLUID
SOLUTIONS, LP F/K/A IMPACT FLUID
SOLUTIONS, LLC, PLAINTIFF

This Court should grant summary judgment in favor of Plaintiff Impact Fluid Solutions, LP f/k/a Impact Fluid Solutions, LLC ("IFS") on its claims against Bariven, S.A. ("Bariven") and PDVSA Services, B.V. ("PDVSA") (collectively, "Defendants") based on Defendants' failure to pay IFS's two invoices from 2015.

## I.   STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Whether, in the absence of any evidence or issue of material fact excusing the failure to pay, IFS is entitled to summary judgment on its claims against Defendants related to two unpaid invoices. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(a).

## II.   SUMMARY OF THE ARGUMENT

This is a straightforward non-payment case. In the nearly three years this case has been pending, Defendants have never offered an excuse for failing to pay one dime of the $5,645,200 they owe for half a million pounds of drilling fluids that IFS delivered in 2015. Defendants did not object to the delivery of the goods in 2015, nor did they return them; instead, they kept the drilling fluids, "apologize[d] for the late payment," acknowledged the "outstanding debt with your company," and then proceeded to ignore IFS's invoices for the next six years.

In the three years this case has been pending, Defendants have never filed an answer or other motion contesting that they owe the invoiced amount. They do not assert any affirmative defenses. Their disclosures and discovery responses do not offer any reason for Defendants' failure to pay. Defendants have not produced any documents in this case disputing the amount owed. Nor do they deny the substance of requests for admission that they owe IFS the $5,645,200.

In short, there is no genuine dispute that: (i) Defendants agreed to buy drilling fluids from IFS for $5,645,200, creating a contract between the parties; (ii) IFS performed by delivering

the drilling fluids to Defendants; (iii) Defendants breached the agreement by failing to pay the agreed-upon price of $5,645,200; and (iv) IFS has been damaged by Defendants' refusal to pay, entitling it to recover the full amount of the invoices ($5,645,200) plus pre-judgment interest and attorney's fees. These uncontested facts, supported by Defendants' own acknowledgment of the debt, establish IFS's *prima facie* case for breach of contract as a matter of law. The Court should therefore grant summary judgment in IFS's favor in the amount of $5,645,200 and permit IFS to prove-up the amount of attorney's fees and pre-judgment interest.

### III.   FACTS

**A.   Defendants ordered drilling fluids worth $5,645,000 but stiffed IFS on the bill.**

IFS develops and sells advanced fluid additives for oilfield operations. *See generally* Ex. 1 (Bhat Aff.); *see also* Dkt. 1-3 at 3, ¶ 8 (Verified Orig. Pet). In January 2015, Defendants ordered over 160,000 pounds of synthetic polymer additives from IFS for a total price of $1,795,200. Ex. 1-A at 3 (IFS's January Invoice). IFS delivered the goods on January 28, 2015, Ex. 1, ¶ 4, and issued in an invoice in the amount of $1,795,200. Ex. 1-A (IFS's January Invoice).

In March 2015, evidently satisfied with IFS's product, Defendants placed another order with IFS for the same synthetic additives—this time over 350,000 pounds—for a total purchase price of $3,850,000. Ex. 1-B at 3 (IFS's March invoice). IFS delivered the product on March 31, 2015, Ex. 1, ¶ 7, and once again issued an invoice. Ex. 1-B (IFS's March invoice).

Defendants have not paid either invoice. Because the payment terms of both invoices were "Net 30" (meaning Defendants were required to pay the amount owed within 30 days of delivery), they are now six years overdue. Ex. 1, ¶¶ 5, 8.

**B.   Defendants acknowledge the overdue invoices but still fail to pay.**

Defendants have never disputed that they owe $5,645,200 to IFS for the drilling fluids delivered in 2015. There is no evidence that Defendants objected to delivery of the fluids,

rejected them, or raised any basis to avoid payment. To the contrary, in September 2015, in response to an account statement sent by IFS's CFO reflecting a balance of $5,645,200, Defendants confessed that, "[w]e are aware about the situation of the outstanding debt with your company," "[w]e would like to apologize for the late payment," and action would be taken "as soon as possible" to process the payment. Ex. 1-C at 2 (Diaz Email). In October 2015, Defendants again sent IFS an internal accounting statement reflecting a balance owed to IFS of $5,645,200 and stated that they were working on getting payment to IFS. *Id.* at 1 (Diaz Email). Defendants still have not made any payments toward the amount owed. Ex. 1, ¶ 9.

**C.  Defendants have not asserted any affirmative defenses or contested any facts underlying IFS's breach of contract claims in this case.**

Defendants have never filed an answer to this suit, let alone contested the sum of $5,645,200.00 that they owe IFS. IFS originally filed this case in April 2018 in Texas state court, and Defendants then removed the case to this Court on February 25, 2019. Dkt. 1. Despite removing this case, Defendants have not: (i) filed an answer or other responsive pleading; (ii) filed any pleadings denying the allegations in IFS's petition; or (iii) asserted any affirmative defenses to the non-payment claims. The deadline to do so has now passed. Fed. R. Civ. Proc. 12(a); Fed. R. Civ. Proc. 15(a). Likewise, Defendants' initial disclosures do not assert any denials, defenses, or produce any documents supporting the failure to pay IFS. *See* Ex. 2-A at 2 (Defendants' Initial Disclosures) ("Defendants are . . . not presently able to provide copies or descriptions of the documents supporting their claims or defenses . . . .")

In their discovery responses, Defendants concede that they cannot contest IFS's evidence showing that they failed to make the payments required by the 2015 agreements. In response to IFS's interrogatories asking Defendants to describe their bases for withholding payment on the invoices (Interrogatories No. 4-5) and to describe any support for the contention

that they don't owe the money to IFS (Interrogatories No. 6-7), Defendants only state that they were "not able to access responsive documents or information," including "information, documentation, and witnesses, regarding the issues in this lawsuit," and thus are "not able to provide the requested information at this time . . . ." Ex. 2-B (Defendants' Interrogatory Answers). Defendants also disavowed having any documents or knowledge of the issues in this case in response to IFS's requests for production asking Defendants to produce all documents surrounding the 2015 agreements (RFPs No. 1-2), the accounts payable (RFPs No. 3-4), and nonpayment of the invoices (RFPs No. 5-9, 15-16). Ex. 2-C (Defendants' Responses to Requests for Production); *see also* Ex. 2-D (Defendants' responses to Requests for Admission stating that they "are not able to access responsive documents or information").

### IV. SUMMARY JUDGMENT STANDARD

**A. Defendants cannot defeat summary judgment without pointing to evidence that raises a genuine issue of material fact.**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(a). "Both parties bear burdens of production in the summary judgment process." *Dell Mktg., L.P. v. Touchstar Software Corp.*, A-09-CA-154-SS, 2009 WL 10669224, at *1 (W.D. Tex. July 29, 2009). IFS, as the movant, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see generally* FED. R. CIV. PROC. 56(c).

Once IFS meets that initial burden, the burden shifts to the Defendants, as the parties opposing the motion, to proffer evidence that establishes the existence of genuine fact

issues regarding each challenged element of IFS's claims. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This requires the non-movants to come forward with specific evidence that creates material disputes of fact sufficient that a factfinder might return a verdict in their favor, including "articulate the 'precise manner' in which that evidence support[s] [his] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "The burden . . . is to do more than simply show that there is some metaphysical doubt as to the material facts." *Meinecke v. H&R Block*, 66 F.3d 77, 81 (5th Cir. 1995). Mere conclusory assertions made in supporting affidavits cannot defeat a properly asserted summary judgment motion. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). If the non-movant cannot raise a *genuine* issue of *material* fact, summary judgment should be granted in the movant's favor. *Id.*

**B.      IFS's claims turn on questions of law which should be resolved at summary judgment.**

IFS moves for summary judgment on its claims for breach of contract against Defendants based on the failure to pay the 2015 invoices, as there is no genuine dispute that IFS delivered the goods but Defendants failed to pay for them without any legally defensible reason. The essential elements of a claim for breach of contract are: (i) the existence of a valid contract; (ii) performance or tendered performance by the plaintiff; (iii) breach of the contract by the defendant; and (iv) damages sustained as a result of the breach. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 206 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Similarly, a prima facie case for suit on a sworn account may be established by the defendant's failure to pay for goods in accordance with the parties' agreement. *Dell Mktg., L.P. v. Touchstar Software Corp.*, A-09-CA-154-SS, 2009 WL 10669224, at *2 (W.D. Tex. July 29, 2009).

Each of these elements turns on a question of law that may be decided at summary judgment when, as here, the material facts are not disputed. The existence of a valid contract may be established as a matter of law when there is no genuine dispute as to the obligations of each

party under their agreement. *See id.* (holding that the plaintiff proved the existence of a contract as a matter of law when the "evidence shows that the Agreement was sufficiently definite to enable a court to determine the rights and responsibilities of each party"). Likewise, "[w]hether a party has breached a contract is a question of law." *Atlas Air, Inc. v. Biskay Holdings LLC*, 3:17-CV-1980-BH, 2018 WL 3155828, at *4 (N.D. Tex. June 28, 2018) (holding that the plaintiff established breach as a matter of law because the defendant failed to meet its obligations under the purchase documents). Finally, the damages caused by the breach may be decided as a matter of law when, like here, they are readily calculable under the unambiguous terms of the contract. *Id.* (granting summary judgment to the plaintiff in the amount of the purchase price).

## V.   ARGUMENT AND AUTHORITIES

**A.    Defendants' failure to pay IFS the agreed amount of $5,645,200 establishes breach of contract as a matter of law.**

Summary judgment is appropriate in this case on IFS's claims for breach of contract because: (i) each element of the plaintiff's claim for breach of contract is proven as a matter of law and the amount of damages is readily ascertainable from the parties' agreement; (ii) there are no genuine disputes of material fact on any of the elements or any defenses asserted to payment; (iii) Defendants have not pled ambiguity, nor could they, as the agreement was unambiguous and Defendants have acknowledged the debt in writing.

First, the summary judgment evidence establishes the existence of a contract. IFS's invoices, which PDVSA acknowledged as due and owing, confirm the type of additives ordered, the quantity, the price, and the location of delivery, reflecting the parties' agreement as to all essential terms of the deal and establishing a contract as a matter of law. *See, e.g.*, *Atlas Air*, 2018 WL 3155828, at *5 (holding that an invoice containing product, price, and quantity terms established the existence of a contract as a matter of law). IFS's delivery of half a million pounds

of fluid additives to Defendants, *see* Ex. 1, ¶¶ 4, 7, and Defendants' later emails acknowledging the balance due to IFS, *see* Ex. 2-C, also confirm the existence of a contract. TEX. BUS. & COM. CODE § 2.204(a) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.").

Second, the summary judgment evidence establishes that IFS met its delivery obligations. There is no genuine dispute that, in 2015, IFS delivered fluid additives to Defendants' pick-up location in Houston. Ex. 1, ¶¶ 4, 7. Because there is no evidence that Defendants objected, rejected the goods, or returned them to IFS, Defendants clearly accepted them. *See* TEX. BUS. & COM. CODE § 2.606(a) (stating that acceptance occurs when the buyer signifies it will take the goods, fails to make an effective rejection, or does any act inconsistent with the seller's ownership).

Finally, the summary judgment evidence establishes the Defendants breached the agreement by failing to pay the invoices, causing IFS damages. Defendants had an obligation to pay IFS the agreed price for the fluid additives after IFS delivered them. *See* TEX. BUS. & COM. CODE § 2.507(a) ("Tender entitles the seller to acceptance of the goods and to payment according to the contract."). Because Defendants accepted the goods, IFS should recover the full price that Defendants agreed to pay. *See* TEX. BUS. & COM. CODE § 2.709(a). Summary judgment should therefore be granted to IFS on its breach of contract claims in the amount of $5,645,200.[1]

---

[1] IFS also moves for summary judgment on its claim for suit on a sworn account because: (i) each element of the IFS's claim for suit on a sworn account is proven as a matter of law by IFS's verified original petition; (ii) there are no genuine disputes of material fact on any of the elements; and (iii) Defendants have not denied the amount due on its account.

Each element of IFS's *prima facie* case is established as a matter of law by IFS's Verified Original Petition and the attached supporting the Affidavit of Harnad Bhat. Dkt. 1-3. First, there is no genuine dispute that IFS sold and delivered drilling fluid additives worth $5,645,200 as specified in Defendants' purchase orders. Dkt. 1-3 at 12–13, ¶¶ 3–6; *see also* Ex. 1. Second, there no genuine dispute that the charges on the account were in accordance with the parties' agreement, and therefore "just" for purposes of IFS's claims, because they reflect the exact amount Defendants agreed to pay. *Id.* ¶ 10; *see also* Ex. 1. Finally, there is no genuine dispute that the balance remains unpaid. *Id.*; *see also* Ex. 1, ¶ 9.

Summary judgment should therefore be rendered in IFS's favor on the full amount of the sworn account: $5,645,200.

**B.     Under TCPRC § 38.001, IFS should recover its reasonable attorney's fees.**

IFS should recover its reasonable attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001(8).  "To recover attorney's fees under that provision, a claimant must: (i) be represented by an attorney; (ii) present the claim to the opposing party or to a duly authorized agent of the opposing party; and (iii) show that payment was not tendered before the expiration of the 30th day after the claim was presented." *Gordon v. Leasman*, 365 S.W.3d 109, 116 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  Here, it is undisputed that IFS is represented by an attorney (the undersigned) and payment has not been tendered.  Further, IFS's pre-suit requests for payment, *e.g.*, Ex. 1-C (Bhat Emails), each constitute sufficient presentment of the claim.  *See id.* ("No particular form of presentment is required . . . All that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim." (internal citations and alterations omitted)).

As for the amount, IFS is prepared to file a motion for attorney's fees within 14 days of the entry of judgment or at any other time decided by the Court in accordance with Federal Rule of Civil Procedure 54(d)(2)(B).

**C.     IFS should recover pre-judgment interest.**

Finally, IFS should be awarded pre-judgment interest based on Defendants' failure to pay the overdue invoices.  "Awards of pre-judgment interest should be granted as a matter of course, not of discretion, where damages accrued prior to judgment." *Houston Cas. Co. v. Lexington Ins. Co.*, CV H-05-1804, 2007 WL 9751914, at *2 (S.D. Tex. Oct. 30, 2007).  "Pre-judgment interest accrues at the same rate as post-judgment interest and is computed as simple interest." *Id.* Interest begins to run 180 days after the defendant receives notice a claim.  *Id.* (applying the Texas pre-judgment interest rate in a diversity action).

In this case, Defendants received notice of the claim, at the latest, on September 14, 2015, *see* Ex. 1-C at 2, meaning interest began to accrue on March 12, 2016 at a rate of 5%.[2] Because the date of final judgment is unknown, IFS intends to submit its proposed pre-judgment interest calculation with its motion seeking attorney's fees, or as otherwise ordered by the Court.

## VI. CONCLUSION

For the reasons set forth herein, IFS respectfully requests that the Court grant summary judgment in IFS's favor on its claims for breach of contract and award IFS damages in the amount of $5,645,200.00, plus pre-judgment interest and attorneys' fees. IFS requests any and all such further relief to which it may be entitled or that this Court deems equitable and just.

Respectfully submitted,

April 8, 2021

BAKER BOTTS L.L.P.

By:  /s/ *Russell C. Lewis*
Russell C. Lewis
Federal Bar No. 569523
State Bar No. 24036968
910 Louisiana
Houston, Texas 77002
Telephone:  713.229.1767
Facsimile:  713.229.2867
russell.lewis@bakerbotts.com

*Of Counsel*:
Nick Brown
State Bar No. 24092182
Laura Shoemaker
State Bar No. 24106431
910 Louisiana
Houston, Texas 77002
Telephone:  713.229.2015
Facsimile:  713.229.7932
nick.brown@bakerbotts.com
laura.shoemaker@bakerbotts.com

COUNSEL FOR IMPACT FLUID SOLUTIONS, LP

---

[2] The current Texas judgment rate is 5%. See https://occc.texas.gov/publications/interest-rates.

## CERTIFICATE OF SERVICE

This certifies that on April 8, 2021, a copy of the foregoing was served on all counsel of record via electronic mail.

*/s/ Russell C. Lewis*
Russell C. Lewis
