United States District Court
Southern District of Texas

**ENTERED**

November 09, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| IMPACT FLUID SOLUTIONS LP, a/k/a IMPACT FLUID SOLUTIONS LLC, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-00652 |
| BARIVEN SA and PDVSA Services BV, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiff Impact Fluid Solutions LP's Motion for Summary Judgment (Doc. No. 68), Defendants Bariven SA and PDVSA Services BV's Response and Rule 56(d) Cross-Motion (Doc. No. 71), and Plaintiff's Reply (Doc. No. 72). After careful consideration, the Court grants Plaintiff's Motion and denies Defendants' Cross-Motion.

## I.    Background

Plaintiff Impact Fluid Solutions LP ("Impact" or "Plaintiff") is a Texas limited partnership[1] that develops advanced fluid additives for oilfield operations in Houston. Defendant PDVSA Services BV is a Netherlands company and subsidiary of Defendant Bariven SA (collectively, "Defendants"), a Venezuelan corporation and subsidiary of Venezuela's state-owned oil company. The subject of this lawsuit is two alleged contracts, reflected in two separate invoices sent by Plaintiff to Defendants. Plaintiff claims that it performed its obligations pursuant to these contracts by delivering its products, and that Defendants failed to make the corresponding payments.

---

[1] As described in the operative pleading (Doc. No. 1, Ex. C), Impact was formerly organized as a limited liability company (LLC) but converted to a limited partnership (LP) effective June 30, 2015. (*Id.* ¶ 2.)

Plaintiff sold drilling fluids to Defendants on two occasions in 2015. In connection with these sales, Plaintiff sent two invoices to Defendants. The first invoice covered the sale of approximately $1.8 million in drilling fluids, and it was sent by Plaintiff in January 2015 ("the January Contract"). Plaintiff sent the second invoice for the delivery of $3.85 million worth of drilling fluids in March 2015 ("the March Contract"). Payment was due within 30 days of receipt of the goods. Defendants did not, and have not, paid either amount owed. Defendants have conceded the debts owed. (Doc. No. 68, Ex. 1C.)

Plaintiff sued in state court, *see* (Amended Petition, Doc. No. 1-3), bringing claims for breach of contract (*id.* § V), suit on a sworn account (*id.* § VI), and related quasi-contractual claims (*id.* §§ VII–IX). Additionally, Plaintiff seeks a declaratory judgment on Defendants' contractual liability for the drilling fluids provided by Plaintiff.[2] Defendant PDVSA Services BV removed the case to this Court. (Doc. No. 1.)

Upon removal to this Court, the actual merits of Plaintiff's claims took something of a backseat to a lengthy dispute over which set of attorneys had authority to represent the Defendants. That dispute was resolved by this Court's order on substitution of counsel. (Doc. No. 55.) Once that issue was resolved, the lawsuit progressed. Plaintiff subsequently moved for summary judgment under Rule 56(a). (Doc. No. 68.) Defendants responded to the motion and filed a Rule 56(d) motion requesting that the Court deny (or defer ruling on) Plaintiff's motion. (Doc. No. 71.)

## II.    Summary Judgment Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes

---

[2] Plaintiff also seeks recovery of attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001.

demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25.

The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III. Discussion

In its motion, Plaintiff contends that it is clearly entitled to summary judgment on its claims on the basis of the evidence contained in the summary judgment record.

In response, Defendants argue that Plaintiff failed to produce the full terms and conditions of the alleged contracts at issue, thereby failing to prove contract formation. (Doc. No. 71, at 6.) Alternatively, Defendants move under Rule 56(d), arguing that this Court should deny (or defer ruling on) Plaintiff's motion because the Defendants "presently have no access to any of their own facts" (*id.* at 7), given the political situation in Venezuela.

The Court first addresses Defendants' Rule 56(d) argument before turning to the merits of Plaintiff's summary judgment claim.

*A. Defendants' Rule 56(d) Cross-Motion*

On the eve of trial, and while the motion for summary judgment was under consideration, Defendants filed for relief under Rule 56(d). Defendants contend that they, "through no fault of their own," do not currently have access to materials and witnesses relevant to the claims and defenses in this case. (Doc. No. 71, at 7.) For this reason, Defendants argue that granting the Plaintiff's motion for summary judgment at this time would be inappropriate. *See* Fed. R. Civ. P. 56(d). In support, Defendants attach the declaration of Enrique Jose Sanchez Falcon, the Special Attorney General of Venezuela, who states that Defendants "lack access to their own documents and personnel" potentially relevant to their defense due to ongoing obstruction by the Maduro regime.[3] (Doc. No. 71, Ex. B, at 5.)

Under Rule 56(d) of the Federal Rules of Civil Procedure, a court may suspend consideration of a summary judgment motion if the non-movant shows "it cannot present facts essential to justify its opposition." In interpreting the substantially identical pre-2009 Amendment predecessor to this provision, the Fifth Circuit advised that "[s]uch motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). However, the non-movant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). "If it appears that further discovery will not provide evidence

---

[3] For a factual background regarding the political conflict in Venezuela (and concomitant struggle for control over the country's oil resources), see *Jiménez v. Palacios*, 250 A.3d 814, 820–26 (Del. Ch. 2019), *aff'd*, 237 A.3d 68 (Del. 2020).

creating a genuine issue of material fact, the district court may grant summary judgment." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

At the outset of its analysis, the Court notes its sympathy regarding the difficulties faced by Defendants' counsel.[4] Indeed, as this Court noted in its previous order, "practical considerations surrounding the progression of any civil suit necessitate access to the actual client and the ability to freely exchange information between attorney and client." (Doc. No. 55, at 14.)[5] Nevertheless, further delay of this case's resolution is not appropriate at this time, for the reasons explored below.

First, the resolution of the claims at issue is long overdue, especially from the perspective of the Plaintiff. The Court observes that the underlying contracts that form the basis of Plaintiff's claims arose from sales that took place in January and March of 2015, over six years ago. The instant suit was filed three years later, in April 2018. The litigation in this Court has been pending for over two-and-a-half years since its removal in February 2019. *See* (Doc. No. 1). To defer a ruling on Plaintiff's motion for summary judgment on the basis that Defendants lack access to "relevant case documents, electronic records, or personnel" would be to further delay the adjudication of Plaintiff's already six-year-old claims.

Next, when Defendants' counsel might gain access to "relevant case documents, electronic records, or personnel" apparently depends upon the Maduro government relinquishing *de facto* control over Venezuela's state-owned business interests. Whether and when the Guaidó

---

[4] In fact, counsel for Plaintiff emphasized, and this Court agrees, that counsel for Defendants have been both professional and forthright.

[5] That order also expressly observed:

> This motion has described above certain difficulties that might arise in the future should Hogan Lovells prevail in its efforts to be recognized as counsel. By so ruling, this Court is not suspending either the rules of civil procedure or any other requirements with which a party in a lawsuit must comply. The Court expects Defendants to comply with all the duties that accompany being a litigant in federal court.

(Doc. No. 55, at 18 n.13.)

government (and, by extension, Defendants' counsel) might ever achieve practical access to the entities that are Defendants here is a matter of speculation. The Court hesitates to tether the adjudication of Plaintiff's claims to the resolution of an international crisis that even Defendants' counsel admits has no end in sight.[6]

Moreover, when this Court considered the question of which law firm should represent Defendants, it foresaw the very problem that has now occurred. One law firm appeared to have the legal right to represent the Defendants, while the other seemed to control client contact and access to their personnel. Given that situation, this Court, at one point, actually suggested that the two firms work together to represent the clients. *See* (Doc. No. 62, Transcript of Mot. Hr'g). When this suggestion was rejected, the Court made it clear that the Plaintiff should not be made to bear the burden of the infighting between the factions purporting to represent the Defendants. This Court wrote:

> [P]ractical considerations surrounding the progression of any civil suit necessitate access to the actual client and the ability to freely exchange information between attorney and client. Hogan Lovells has already informed the Court that "the Guaidó government currently does not have access to the personnel who would be most knowledgeable about the claims at issue, and therefore is unable, until a full transition occurs, to respond to the claims." *See* (Doc. No. 23 at 2). Consequently, it remains to be seen whether that firm can adequately represent the Defendants as a practical matter. For example, a party may need access to documents that are responsive to a plaintiff's requests for production or to other sources of information necessary to respond to interrogatories and requests for admission. Further issues may arise in determining who the company will designate as its Rule 30(b)(6) witness, who "must testify about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). The Court cannot excuse compliance with the rules merely because one of the parties has chosen a law firm that cannot fulfill the duties entailed in that representation. That result would clearly penalize other parties who may be fully compliant.

(Doc. No. 55, at 13–14.)

---

[6] At the parties' pre-trial conference (November 1, 2021), counsel for the Defendants stated that he "cannot give [the Court] any sense" as to whether a resolution between Venezuela's competing governments exists on the horizon. A timetable regarding Defendants' access to materials is therefore very difficult, if not impossible, to reasonably forecast.

Now, over a year later, Defendants are asking this Court to penalize Plaintiff for Defendants' own inability to comport themselves according to the rules. This Court long ago predicted this very scenario, and nothing has changed since that prediction. Plaintiff has already waited over five years for payment; it should not be penalized further.

Finally, Defendants have not suggested how they, even with access to their own documents or relevant personnel, might present facts opposing Plaintiff's claims, the basis of which does not even appear to be subject to reasonable dispute.[7] Indeed, the summary judgment record before the Court appears entirely straightforward on its face—Plaintiff's claim is, in essence, the Defendants never paid for the goods delivered to and accepted by them. The Defendants have failed, for example, to identify any potential defense[8] or factual basis in opposition to the summary judgment evidence produced by Plaintiff. *See Access Telecom*, 197 F.3d at 720; *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 413 (5th Cir. 2021) ("[T]he party must explain '*how* the additional discovery will create a genuine issue of material fact.'" (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993))).

For the foregoing reasons, the Defendants' Rule 56(d) Cross-Motion is denied.

*B. Plaintiff's Motion for Summary Judgment*

Plaintiff's argument for summary judgment is not complex, and the underlying facts are largely undisputed. In its Complaint, Plaintiff alleged that (1) it entered into two supply contracts to provide Defendants with drilling fluids, (2) Plaintiff performed its obligations pursuant to these contracts, and (3) Defendants failed to make the corresponding payments. Plaintiff argues that it

---

[7] The merits of Plaintiff's claims are the subject of the next section.

[8] Defendants withdrew their arbitration defense and their claim of improper service at the November 1, 2021 pre-trial conference.

is entitled to summary judgment on its breach of contract claim and attaches the following evidence
in support:

- the affidavit of Harnad Bhat, Impact's CFO (Doc. No. 68, Ex. 1);
- invoices reflecting the underlying agreements at issue (*id.*, Exs. 1A & 1B); and
- correspondence by a Bariven SA purchasing agent acknowledging the Defendants' nonpayment of the goods (*id.*, Ex. 1C).

In response, Defendants do not attempt to rebut any of Plaintiff's evidence but instead
argue that Plaintiff has failed to meet its summary judgment burden because it "failed to produce
the full Terms & Conditions applicable to the relevant invoices at issue in this case." (Doc. No.
71, at 1.) Specifically, Defendants contend, the invoice orders at issue were subject to Plaintiff's
"standard terms and conditions." (*Id.* at 6.) Defendants speculate that the standard terms applicable
in the January and March Contracts may have included a mandatory arbitration clause, as do the
standard terms available on Impact's website in April 2021, which the Defendants attached to their
Response. (*Id.* at 6–7; *see* Doc. No. 71, Ex. A, at 11–12) "Given th[is] possibility," Defendants
argue, "summary judgment should be denied because of the existence of a genuine issue of material
fact." (Doc. No. 71 at 7.)

The Court concludes that Defendants' argument is unavailing. Defendants have failed to
bring forth any evidence that the terms available on Impact's website in April 2021 were applicable
to the contracts at issue in this case. Indeed, Defendants themselves concede that "they are unable
to confirm" that the contracts compelled arbitration because "Defendants do not have access to the
documents in this case." (*Id.* at 12.) The Court holds that the mere "possibility" of an arbitration
clause fails to create a genuine issue of material fact bearing on Plaintiff's claims. *See Meinecke
v. H&R Block*, 66 F.3d 77, 81 (5th Cir. 1995) ("The burden on the non-moving party is to do more
than simply show that there is some metaphysical doubt as to the material facts." (citing
*Matsushita*, 475 U.S. at 586)). Moreover, subsequent to Defendants' filings, Plaintiff produced the

applicable terms and conditions, and they do not support Defendants' claims. In fact, at the hearing on the motions, Defendants withdrew not only their argument concerning arbitration, but also all objections as to service.

The facts in this case are uncontroverted. Plaintiff and Defendants entered into two contracts in 2015: first, the January Contract, by which Defendants were to receive 163,200 pounds of drilling fluids from Plaintiff in exchange for $1,795,200.00 (Doc. No. 68, Ex. 1A); and second, the March Contract, by which Defendants were to receive 350,000 pounds of drilling fluids from Plaintiff in exchange for $3,850,000.00 (*id.*, Ex. 1B). Plaintiff performed its obligations under these contracts by delivering the goods to the designated pickup location, yet the amounts set forth above were never paid by Defendants. (*Id.*, Ex. 1.) Defendants accordingly failed to perform under the contract, acknowledging the nonpayment of goods in fall 2015. (Doc. No. 68, Ex. 1C.)

In this light, Plaintiff is entitled to summary judgment on its claims stemming from Defendants' nonpayment. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 206 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (breach of contract); *Dell Mktg., L.P. v. Touchstar Software Corp.*, A-09-CA-154-SS, 2009 WL 10669224, at *2 (W.D. Tex. July 29, 2009) (suit on a sworn account). The Court accordingly enters summary judgment in favor of Plaintiff in the amount of $5,645,200.00, plus pre-judgment and post-judgment interest. *See Gordon v. Leasman*, 365 S.W.3d 109, 118–19 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 68) is **GRANTED**, and Defendants' Rule 56(d) Cross-Motion (Doc. No. 71) is **DENIED**.

Furthermore, Defendants' Motion to Compel Arbitration (Doc. No. 73) is **DENIED** as moot. Plaintiff's Motion to Strike Answer (Doc. No. 77) and Motion to Expedite Treatment of Its Motion to Strike (Doc. No. 79) are **DENIED** as moot.

Plaintiff is to file a proposed judgment by November 24, 2021.

Signed at Houston, Texas, this ___ day of November, 2021.

Andrew S. Hanen
United States District Judge